IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNY LEE VAUGHNS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-040 |
| | ) | |
| WALTER BERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner Johnny Lee Vaughns, currently incarcerated at the Central State Prison in Macon, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and moved to proceed *in forma pauperis* ("IFP") in the United States District Court for the Northern District of Georgia. (Doc. nos. 1, 2, 4.) United States Magistrate Judge Alan J. Baverman transferred the case to this District because Petitioner is challenging his January 29, 2015 conviction in the Superior Court of Richmond County. (Doc. nos. 1, 3.) This case is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because Petitioner has a motion for new trial pending before the Richmond County Superior Court, Petitioner has not exhausted his state remedies. (Doc. no. 1, p. 12.) Accordingly, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), his § 2254 petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

## I. BACKGROUND

On January 29, 2015, a Richmond County jury convicted Petitioner of aggravated sexual battery, three counts of child molestation, and one count of rape. (Doc. no. 1, p. 1.) Petitioner received a life sentence. (Id.) Although Petitioner claims he appealed his conviction, he lists the Superior Court of Richmond County as the appellate court. (Id. at 2.) A review of the Richmond County Superior Court docket reveals Petitioner filed a motion for a new trial on February 2, 2015.[1] The Richmond County Superior Court has yet to rule on the motion, and Petitioner has not attempted to expedite the process through filing a state mandamus petition. (See generally doc. no. 1.)

In his federal habeas petition, Petitioner argues: (1) Petitioner's counsel and the government have conspired to deny Petitioner due process and the ability to exhaust state remedies; (2) his conviction was the result of vindictive and selective prosecution in violation of due process; (3) his indictment was without subject matter jurisdiction; (4) legal counsel were ineffective under the standard set forth in Strickland v. Washington, 467 U.S. 1267 (1984). (Id. at 5-10.)

## II. DISCUSSION

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court must dismiss a petition after initial review if it plainly appears from the petition and any attached exhibits that Petitioner is not entitled to relief. Here, Petitioner is not entitled to relief because he has failed

---

[1]Richmond County Superior Court Docket at http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search for "Vaughns, Johnny Lee"; click on 2014 RCCR00992, last visited Apr. 14, 2016); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

2

to exhaust his state remedies.

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The United States Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

3

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (ruling that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies").

This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[2] Id. "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005).

### B. The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies.

Here, Petitioner has not exhausted his state court remedies because he has not sought a direct appeal and he has not sought state habeas relief. Petitioner currently has a motion for

---

[2] In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (quoting Ga. Sup. Ct. R. 40).

4

new trial pending in the Richmond County Superior Court, filed on February 2, 2015, and his conviction is not yet final. To the extent Petitioner may be arguing that the Court should disregard the exhaustion requirement because of excessive delay in the state judicial process, the Court disagrees.

The critical issue in determining whether to excuse the exhaustion requirement where there have been delays in the state judicial process is whether "the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991). If it is clear the state court is making progress toward disposition of the case, a federal court should be hesitant to interfere. See, e.g., Slater v. Chatman, 147 F. App'x 959, 960 (11th Cir. 2005) (holding fourteen month delay did not amount to absence of available state-court remedies). Here, it is unclear whether the Richmond County Superior Court is making progress towards disposition of the case.

Regardless, Petitioner has not exhausted state remedies because he has not prompted the trial court for a ruling or petitioned for a writ of mandamus from the Georgia Supreme Court compelling the trial court to rule on his motion for new trial. Jackson v. Walker, 206 F. App'x 967, 969 (11th Cir. 2006); See Powell v. Williams, No. CV212-194, 2013 WL 1890594, at *2 (S.D. Ga. Mar. 27, 2013), report and recommendation adopted, No. CV212-194, 2013 WL 1890619 (S.D. Ga. May 6, 2013) (finding petitioner did not exhaust state remedies when ability to seek writ of mandamus from Georgia Supreme Court remained and motion for new trial was pending for four years); Cobble v. Upton, No. CIV A 507-CV-41

CAR, 2008 WL 731106, at *2 (M.D. Ga. Mar. 17, 2008) (citing Bynum v. State, 658 S.E.2d 196, 198 (Ga. 2008)).

As a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). "[S]tate courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id. As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added).

Because Petitioner does not present any exhausted claims in the present petition, the stay and abeyance procedure is inapplicable. Rhines, 544 U.S. at 275-77. Accordingly, because Petitioner has a motion for a new trial pending before the Richmond County Superior Court, his instant § 2254 petition should be dismissed without prejudice for failure to exhaust.

Finally, the Court notes the Petition was not signed by Johnny Lee Vaughns, and instead was signed on his behalf by a Mr. Daniel W. Taylor who claims to be Johnny Lee Vaughn's "Lay Counsel." (Doc. no. 1, p. 14.) "[An] [a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief is intended or by someone acting in his behalf." 28 U.S.C. § 2242. "'[N]ext friend' standing requires an explanation such as inaccessibility, mental incompetence, or other disability for why the real

party cannot appear on his own behalf to prosecute the action." Whitmore v. Arkansas, 495 U.S. 149, 164 (1990). The next friend must be dedicated to the best interests, and have some significant relationship with the person on whose behalf he seeks to litigate. Id. The burden is on the next friend to clearly establish his status and justify the Court's jurisdiction. Id. Here, the next friend claims Petitioner is "mentally incapacitated" and has no understanding of the law. This explanation, devoid of any reference to a significant relationship between Petitioner and the next friend, falls far short of establishing the Court's jurisdiction. See id. For this additional reason, the Court finds dismissal to be appropriate.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), his § 2254 petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of April, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA